UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA ARMSTRONG,

    Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES, LLC,

    Defendant.

Case No. 25-11268
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS [11]**

---

"This is one of many 'dispute about a dispute' cases—where a plaintiff disputes an account, then elects not to dispute the account, and then files a dispute about the fact that her credit report continues to list the account as disputed—that have been filed in this and other federal courts." *Outlaw v. Equifax Info. Servs., LLC*, No. 20-2855, 2022 WL 1286295, at *3 (N.D. Ga. Jan. 28, 2022) (collecting cases).

Cynthia Armstrong alleges that Equifax, a major credit reporting agency, continues to report a dispute notation on her credit report for a Barclays account that she no longer disputes. (*See generally* ECF No. 9.) So she asked Equifax to reinvestigate and delete the dispute notation for that account. (*Id.* at PageID.53–54.) She then sued Equifax under the Fair Credit Reporting Act (FCRA) when it did not do either. (*Id.*) Equifax now moves to dismiss the case for failure to state a claim. (ECF No. 11.) The motion is fully and adequately briefed (ECF Nos. 13, 14), so the

Court will decide it without further argument. *See* E.D. Mich. LR 7.1(f)(2). For the reasons that follow, Equifax's motion is GRANTED IN PART and DENIED IN PART.

## I.

The FCRA requires a credit reporting agency (CRA) maintain "reasonable procedures to assure maximum possible accuracy" in its reporting, 15 U.S.C. § 1681e(b), and reasonably reinvestigate consumer disputes, *id.* at § 1681i(1)(A).

The FCRA also requires that CRAs include a dispute notation in its reporting if a consumer disputes information with a furnisher and the furnisher provides that information to a CRA. 15 U.S.C. § 1681c(f). And the FCRA "imposes a duty on information furnishers to provide credit reporting agencies notice of consumer disputes." *Hicks v. Smith*, No. 17-251, 2018 WL 11446636, at *6 (W.D. Ky. July 23, 2018) (citing 15 U.S.C. § 1681s-2(a)(3)).

Armstrong alleges that Equifax violated its FCRA obligations in two ways. (ECF No. 9, PageID.54–57.) First, she says Equifax violated § 1681e(b) when it continued to report a dispute notation associated with a past dispute of the Barclays account. (*Id.* at PageID.55.) And second, she says Equifax violated § 1681i by failing to reinvestigate her dispute about that prior dispute. (*Id.*)

Equifax moves to dismiss this "dispute about a dispute" case on three grounds. First, it contends that § 1681c(f) required it to report the dispute notion, and that the FCRA required Armstrong to ask the furnisher, not Equifax, to remove it. (ECF No. 11, PageID.95–98.) Second, Equifax maintains that the FCRA does not require that

it reinvestigate dispute notations. (*Id.* at PageID.98–106.) And third, Equifax argues that Armstrong fails to show a willful violation of the FCRA. (*Id.* at PageID.106–109.)

## II.

In considering arguments for a failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court "construes the [amended] complaint in the light most favorable" to Armstrong and determines whether her "[amended] complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *See Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Armstrong does not need to provide detailed factual allegations to survive a motion to dismiss, *see HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but her allegations must "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## A.

Starting with Equifax's first argument—that it is required to report dispute notations under § 1681c(f)—it is true that in most situations under § 1681c(f), "Equifax *had* to report the account at issue here as 'in dispute.'" *Outlaw*, 2022 WL 1286295, at *4 (emphasis in original); § 1681c(f) ("If a consumer reporting agency is notified . . . that information regarding a consumer . . . is disputed by the consumer, the agency *shall* indicate that fact. . .") (emphasis added). "Shall is mandatory, not permissive, so [Equifax] is not at liberty to ignore § 1681c(f)." *White v. Trans Union, LLC*, No. 12-04360, 2021 WL 4988303, at *2 (N.D. Ga. Sept. 28, 2021), *report and*

*recommendation adopted*, No. 20-4360, 2021 WL 8314566 (N.D. Ga. Dec. 23, 2021) (citation omitted). Thus under § 1681c(f), a "CRA must note the dispute on the consumer's credit report." *Outlaw*, 2022 WL 1286295, at *3.

But that is not the end of the story. Equifax acknowledges that § 1681c(f) "mandates [a dispute notation's] continued reporting *unless, and until* the consumer directly notifies the furnisher it no longer wishes for the notation to be reported." (ECF No. 14, PageID.147 (emphasis added); *see also id.* at PageID.148 ("[T]his Court need look no further than opinions from its sister courts to know that . . . unless and until a consumer directly notifies a data furnisher they no longer wish to have a dispute notation reported, CRAs are required to keep reporting the notation.").) This is consistent with Equifax's position in other cases. *See, e.g., Outlaw*, 2022 WL 1286295, at *3 (Equifax argued that dismissal of a dispute notation case is proper where "Plaintiff did not notify the Furnisher directly").)

But here, Armstrong alleges she *did* "directly notif[y] a data furnisher [she] no longer wish[es] to have a dispute notation reported." (ECF No. 9, PageID.53 ("On or about December 4, 2024, Plaintiff also sent a letter to Barclays Bank Delaware stating that she no longer disputes the Errant Tradeline and wants the dispute notation removed from the tradeline."); ECF No. 13, PageID.131 ("Plaintiff amended her complaint specifically to make these allegations."); *id.* ("Thus, Equifax's arguments based on a failure to notify the furnisher of the dispute of the Errant Tradeline have no application to this case, because Plaintiff alleges that she did notify the furnisher of her dispute.").)

Equifax's first motion to dismiss Armstrong's original complaint specifically faulted her for failing to allege that she disputed the dispute notation with Barclays. (*See* ECF No. 7, PageID.34 ("There is no allegation that Plaintiff directly informed any Furnisher that she no longer wished to dispute her account" which meant it "must also be true that CRAs cannot be held liable for failing to remove that same notation" where "§ 1681s-2(a)(3) requires furnishers to maintain the dispute notation unless notified *directly* by a consumer") (emphasis in original).) But Armstrong's amended complaint alleges just that. (ECF No. 9, PageID.53.) In other words, she fixed the pleading deficiency as contemplated by Federal Rule of Civil Procedure 15(a)(1)(B). So under Equifax's own arguments, § 1681c(f) does not immunize it from Armstrong's claims. And to the extent Equifax contends § 1681c(f) requires only that it report, but not subsequently remove, the dispute notation at issue as Armstrong no longer disputes the Barclays account, that argument also fails because the FCRA requires that CRAs delete inaccurate information after conducting a reinvestigation:

> If, after any reinvestigation . . . information is found to be inaccurate or incomplete or cannot be verified . . . the [CRA] shall – promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation.

15 U.S.C. § 1681i(a)(5)(A); *see Berry v. Experian Info. Sols., Inc.*, 115 F.4th 528, 536 (6th Cir. 2024) (describing § 1681i as "requiring CRAs to delete information if its reasonable reinvestigation of a consumer's dispute finds the information is 'inaccurate or incomplete'").

## B.

Next, Equifax acknowledges that, pursuant to the FCRA, it must "conduct a reasonable reinvestigation" when a consumer disputes "the completeness or accuracy of any item of information contained in a consumer's file." (ECF No. 11, PageID.98–99 (citing 15 U.S.C. § 1681i(a)(1)(A).) But Equifax argues that "dispute notations" are not "items of information" that trigger this reinvestigation requirement. (ECF No. 11, PageID.98–106; ECF No. 14, PageID.149.) More specifically, Equifax contends that "[s]tructurally, the FCRA consistently treats 'any item of information in a consumer's file'" as distinct from a "dispute notation." (ECF No. 11, PageID.99.) In other words, Equifax says there are examples throughout the FCRA where distinctions are made between "disputed information" (primarily information about the consumer) and "any notation as to disputed information." (*Id.* at PageID.101 (citing *Hardnett v. Equifax Info. Servs.*, LLC, No. 20-03017, ECF No. 45 at *11 (N.D. Ga. Dec. 16, 2020)).) The Court, however, need not engage in statutory interpretation to dispose of Equifax's argument that Equifax cannot or should not have to reinvestigate dispute notations. That is because courts do not treat dispute notations differently in terms of whether the CRA is obligated to reinvestigate them. As one court found:

> Plaintiff told Equifax she no longer disputed the account. Equifax forwarded Plaintiff's dispute to the Furnisher, who verified that its reporting was accurate. At that point, Equifax fulfilled its obligation to conduct a reasonable reinvestigation [under § 1681i(a)(1)(A)].

*Outlaw*, 2022 WL 1286295, at *4 (emphasis in original) (citations omitted); *see also White*, 2021 WL 4988303, at *2 (reasoning that a CRA "did exactly what it was supposed to do" when it "provide[d] notification of [Plaintiff's] dispute to" the

6

furnisher, which verified "that its reporting . . . was accurate" and "failed to direct [the CRA] to remove the notation of 'accounts in dispute.'").) (citations omitted). That is, contrary to Equifax's position, CRAs are required to reinvestigate dispute notations, which necessarily means they constitute "items of information" that trigger the FCRA's reinvestigation requirement under § 1681i(a)(1)(A). Equifax's assertion to the contrary is no refuge from that statutory obligation.

## C.

Equifax finally argues that Armstrong fails to state a claim for willfulness. (ECF No. 11, PageID.106–109.) Armstrong resists, maintaining—without any authority and in conclusory fashion—that "Plaintiff's general allegations that Equifax willfully violated the FCRA are sufficient to survive Equifax's motion to dismiss. Therefore, Plaintiff sufficiently pled her claims for Equifax's willful violations of the FCRA." (ECF No. 13, PageID.138.)

But a willful violation of the FCRA is a high bar for a plaintiff to meet. "[A] plaintiff must show that the defendant either knowingly violated the Act or recklessly disregarded the Act's requirements." *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669, 672 (9th Cir. 2020) (citing *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 50 (2007)). A willful violation of the FCRA will not lie if a CRA's reading of the FCRA has a "foundation in the statutory text" and is not "objectively unreasonable." *Safeco Ins. Co. of America*, 551 U.S. at 50. Equifax's interpretation of the FCRA (despite the factual nuances in this case) falls into that category given the case law generally supporting its contention regarding § 1681c(f)'s mandatory reporting. (ECF No. 11,

PageID.108.) *See, e.g., Outlaw*, 2022 WL 1286295, at \*3–4; *White*, 2021 WL 4988303, at \*2. And Armstrong does not plead to the contrary.

### III.

For the reasons above, § 1681c(f) does not preclude Armstrong's claims, and Armstrong plausibly alleges that Equifax was obliged to reinvestigate her dispute. Armstrong fails, however, to state a claim for a willful violation of the FCRA. Equifax's motion to dismiss (ECF No. 11) is thus GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

Dated: March 26, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE